UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY VICTORIA LILLIBRIDGE,

            Plaintiff,

v.

BRANDON JOHN HARVEY,

            Defendant.

_____/

Case No. 1:22-cv-297

Hon. Hala Y. Jarbou

**REPORT AND RECOMMENDATION**

At 3:35 p.m. on March 4, 2022, Judge Tina Yost Johnson granted Amy Victoria Lillibridge's petition and entered an *ex parte* domestic relationship personal protection order ("PPO") against respondent Brandon Jon Harvey in Barry County Circuit Court case No. 2022-138-PP. *See* PPO (ECF No. 1-1, PageID.5-6).  Among other things, the PPO prohibited Harvey from: entering onto property where Lillibridge lives; assaulting, attacking, beating, molesting, or wounding Lillibridge; "removing minor children from [Lillibridge] who has legal custody, except as allowed by custody or parenting-time order provided removal of the children does not violate other conditions of this order"; and, stalking Lillibridge.  *Id*.

On March 30, 2022, Harvey, acting *pro se*, filed a notice to remove the PPO to United States District Court pursuant to 28 U.S.C. § 1446.  *See* Notice of Removal (ECF No. 1, PageID.2).  Harvey stated that "[t]here is inherent bias present in the Barry County Circuit Court's involvement in this case, which is also addressed in the pending U.S.D.C. case #: 1-22-cv-74".  *Id*. In addition, Harvey sought to use this Notice of Removal as a vehicle to alter a judgment in a different, unidentified Barry County Circuit Court case involving child custody.  *Id*.  This matter

is now before the Court on Lillibridge's Motion to remand (ECF No. 12) and Harvey's Motion to alter judgment (ECF No. 8).

## I.    Lillibridge's Motion to remand (ECF No. 12)

### A.    Background

The removal of a case from state court to federal court is authorized by 28 U.S.C. § 1441(a), which provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The procedure for removal is set forth in 28 U.S.C. § 1446, which provides in pertinent part:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

Here, Harvey filed a Notice of Removal pursuant to 28 U.S.C. § 1446(b)(1), which provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The civil action "removed" from state court is Barry County Circuit Court case No. 2022-138-PP and consists of the March 4, 2022, PPO. The only basis for removal cited by Harvey is "genocide":

3.      Item #9 of the Barry County Circuit Court's Ex Parte Order threatens the use of the entire United States police force as its own private militia in order to alienate this Defendant from his child, which is an act of aggression, genocide, kidnapping, violence and War against a United States citizen, without any attempt towards due process.

4.      Article VI of the Constitution of the United States establishes that the Constitution of the United States is the supreme Law of the Land, its purpose being defined by its Preamble, as well as all Treaties entered into under the authority of the United States, including Article II(e) of the Convention on the Prevention and Punishment of the Crime of Genocide [the "Convention"], and that the Judges of every State are bound thereby.

Notice at PageID.2.  In short, Harvey contends that pursuant to the Supremacy Clause,[1] the Convention applies to Barry County, Michigan, and that Barry County Circuit Court Judge Johnson committed genocide by entering the PPO.  Lillibridge has moved to remand this case back to state court.

### B.      Discussion

Lillibridge brings her motion to remand pursuant to 28 U.S.C. § 1447, which provides in pertinent part:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

---

[1] Article VI, ¶ 2 states:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

### 1.    Non-jurisdictional defect

First, with respect to a "defect other than lack of subject matter jurisdiction", Harvey is attempting to remove two separate civil actions from the Barry County Circuit Court, case nos. 2022-138-PP and 2017-678-DC.  Notice at PageID.2.  While Harvey's Notice of Removal includes a copy of the PPO as the civil action subject to removal, he also attempts to have this Court address child custody matters in a different civil action (presumably 2017-678-DC) stating "I, Brandon Jon Harvey, hereby object to the Barry County Circuit Court's Ex Parte Personal Protection Order, *as well as its order denying this Defendant custody of my child*."  *Id.* (emphasis added).  In this regard, Harvey's Notice of Removal does not address the basis for removing the child custody case, and the notice does not include "a copy of all process, pleadings, and orders served upon such defendant" in the child custody case. *See* 28 U.S.C. § 1446(a).  In addition, Harvey cites no authority for filing a single notice to remove multiple civil actions as a single federal civil action.  *See* 28 U.S.C. 1446(b)(1) (referring to filing "[t]he notice of removal of *a civil action*") (emphasis added).  Furthermore, any attempted removal of the separate child custody action is untimely.  That action commenced on August 25, 2017, four years before Harvey filed his Notice of Removal. *See* Register of Actions (Barry Co. Cir. Ct. No. 2017-000678-DC) (ECF No. 15-1).  For all of these reasons, Harvey's Notice of Removal is defective and this matter – which only contains a copy of one document, the *ex parte* domestic PPO in case no. 2022-138-PP – should be remanded.

### 2.    Lack of federal subject matter jurisdiction

Second, Harvey has failed to present any basis for federal subject matter jurisdiction.  "Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*,

511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).  Federal subject-matter jurisdiction "can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

In his Notice, Harvey contends that the civil action should be removed because it involves a federal question.  "Federal-question jurisdiction exists when the cause of action arises under federal law." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020).  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Here, the Barry County civil action at issue involves a single document, an *ex parte* PPO which Barry County Circuit Court Judge Johnson entered pursuant to M.C.L. § 600.2950.  *See* PPO at PageID.5-6. According to Harvey, this Court has subject matter jurisdiction because the Supremacy Clause of the Constitution requires that the Convention applies to actions performed by the judges in the Barry County Circuit Court. Specifically, Harvey contends that the PPO violated Article II(e) of the Convention and that the Judge Johnson's PPO was "an act of aggression, genocide, kidnapping, violence and War against a United States citizen" using "the United States police force as [the state court's] own private militia in order to alienate [Harvey] from his child." Notice of Removal at PageID.2.

Harvey's purported basis for federal subject matter jurisdiction is frivolous.  Here, Judge Johnson found that Harvey "poses a credible threat to the physical safety of petitioner and/or a child of petitioner" and entered the PPO to protect Lillibridge and the child from him.  *See* PPO at PageID.5-6.  Harvey presents no basis for federal jurisdiction under Article VI.  *See Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 324-25 (2015) ("[T]he Supremacy Clause is not the source of any federal rights and certainly does not create a cause of action.") (internal quotation

marks and citations omitted).  In addition, the Court rejects Harvey's frivolous contention that a

state judge's domestic PPO is an act of "genocide" which violates the Convention.  As the Supreme

Court stated in *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), "[t]he whole subject of the

domestic relations of husband and wife, parent and child, belongs to the laws of the States and not

to the laws of the United States" (internal quotation marks omitted).  For all of these reasons,

plaintiff Lillibridge's motion to remand this matter to the Barry County Circuit Court should be

granted for lack of federal subject matter jurisdiction.[2]

### 3.    Costs and attorney fees

In her motion, Lillibridge requests costs, including actual expenses, and attorney

fees.  As this Court stated in *Allstate Insurance Co. v. Nowakowski*, 861 F. Supp. 2d 866 (W.D.

Mich. 2012):

> District courts have "considerable discretion" to award or deny costs and
> attorney fees under § 1447(c).  *Martin v. Franklin Capital Corp.*, 546 U.S. 132,
> 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005); *Warthman v. Genoa Twp. Bd. of
> Trustees*, 549 F.3d 1055, 1059 (6th Cir.2008). In *Martin*, 546 U.S. at 140, 126 S.Ct.
> 704, the Supreme Court observed that Congress designed the costs-and-fees
> provision in § 1447(c) to permit removal in appropriate cases, while simultaneously
> "reduc[ing] the attractiveness of removal as a method for delaying litigation and
> imposing costs on the plaintiff."  In cases where removal was not objectively
> reasonable, courts are to consider this underlying purpose when they exercise their
> discretion.  *Warthman*, 549 F.3d at 1060. "In general, objectively unreasonable
> removals should result in fee awards to plaintiffs."  *Id*. However, district courts
> should consider whether "unusual circumstances warrant a departure from the rule
> in a given case." *Id*. It is not necessary to show that the removing party's position
> was "frivolous, unreasonable or without foundation." *Martin*, 546 U.S. at 138, 126
> S.Ct. 704.

---

[2] The Court notes that Harvey's Notice of Removal referred to the pending federal cases of *Brandon Jon Harvey v. Amy Victoria Lillibridge*, 1:21-cv-661 (W.D. Mich.) and  *Brandon Jon Harvey v. United States of America and State of Michigan*, 1:22-cv-74 (W.D. Mich.).  Presumably, Harvey included these references to suggest that his complaints regarding child custody are part of an ongoing federal dispute.  However, this Court dismissed *Harvey v. United States* on March 21, 2022, *before* Harvey filed the Notice of Removal in the present case, and later dismissed *Harvey v. Lillibridge* on July 19, 2022 for lack of subject matter jurisdiction. *See Harvey v. United States*, 1:22-cv-74 (Judgment) (ECF No. 9); *Harvey v. Lillibridge*, 1:21-cv-661 (Judgment) (ECF No. 43).

*Allstate Insurance Co.*, 861 F. Supp. 2d at 873. Here, Harvey's filing of the Notice of Removal is another attempt to invalidate the state court custody proceedings and has required Lillibridge to defend another frivolous claim in federal court.[3] If the Court adopts the undersigned's recommendation to remand this case back to state court, then it should award costs and attorney fees to Lillibridge.

## II.    Harvey's Motion to alter judgment (ECF No. 8)

Finally, Harvey has filed a motion appears to seek relief under Fed. R. Civ. P. 59 (New Trial; Altering or Amending a Judgment). For the reasons discussed, there is no basis to rule on this motion because this case was improperly removed to federal court.

If the Court does not remand the case, then this motion should be denied. Harvey did not identify the judgment at issue or file a supporting brief explaining the legal basis for his motion as required by W.D. Mich. LCivR 7.1(a). Based on his "Complaints" (ECF No. 8, PageID.35-38), it appears that Harvey wants this Court to intervene in numerous state proceedings to: "[v]acate the child custody order created by the State of Michigan's Barry County Circuit Court"; dismiss Lillibridge's complaints against his mental health; dismiss Lillibridge's claims that Harvey poses a threat to their child; and enjoin Lillibridge "from pursuing further prosecution of her bad faith complaints in the State's Circuit Court." Compl. at PageID.38. None of these matters are relevant to the present action. The only matter which Harvey removed to this Court is Barry County Circuit Court case No. 2022-138-PP, which consists of one order, the March 4, 2022, PPO.

---

[3] *See Brandon Jon Harvey v. Amy Victoria Lillibridge*, 1:21-cv-661 (W.D. Mich.) (R&R (ECF No. 38); Order approving R&R (ECF No. 42); Judgment (ECF No. 43)).

## III.    RECOMMENDATION

Accordingly, I respectfully recommend that plaintiff Amy Victoria Lillibridge's motion to remand (ECF No. 12) be **GRANTED**, that this action be **REMANDED** to the state court, and that the Court defer ruling on defendant Brandon Jon Harvey's motion to alter judgment (ECF No. 8). I further recommend that the Court award costs, expenses, and attorney fees against defendant.

In the alternative, if the Court does not grant plaintiff's motion to remand this action, then I recommend that defendant Brandon Jon Harvey's motion to alter judgment (ECF No. 8) be **DENIED**.

Dated:  January 18, 2023                              /s/ Ray Kent
                                                      RAY KENT
                                                      United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).